UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARDWORKS PROCESSING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE PROCESSING GROUP, INC.,<br><br>Defendant. | CASE NO. C12-557 MJP<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

The Court issues this order *sua sponte*. The Court has reviewed Plaintiff's complaint, which seeks damages for breach of contract. Plaintiff's complaint states that Plaintiff is a limited liability corporation organized under the laws of the State of Delaware. Dkt. No. 1, ¶ 5. Having reviewed the Complaint, the Court finds and ORDERS as follows:

(1) Plaintiff alleges federal jurisdiction solely on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges that it is a limited liability corporation organized under the laws of the State of Delaware. Plaintiff offers no

ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR LACK OF SUBJECT
MATTER JURISDICTION- 1

allegations regarding the citizenship of the members of its limited liability corporation.

(2) The allegations in Plaintiff's complaint are insufficient to establish the existence of diversity jurisdiction. Although Plaintiff alleges that it is a limited liability corporation organized under the laws of the State of Delaware, the Ninth Circuit has held that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because Plaintiff's complaint fails to identify the citizenship of each member of CardWorks Processing, LLC, the complaint fails to provide sufficient allegations to establish diversity jurisdiction. *See, e.g.*, Ace Ventures, LLC v. LQK, LLC, 2006 WL 2882481 (D.Ariz. Oct. 4, 2006) (dismissing complaint for failure to allege the citizenship of each member of LLC); *see generally* Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 438 (9th Cir. 1992) (noting that a plaintiff asserting diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties").

(3) "[I]t is the duty of any court to ensure itself of its own subject matter jurisdiction." Ridings v. Lane County, Oregon, 862 F.2d 231, 233 (9th Cir. 1988). Because Plaintiff's complaint fails on its face to provide sufficient allegations to establish diversity jurisdiction, Plaintiff is ORDERED to show cause why the Court should not dismiss this case without prejudice for lack of subject matter jurisdiction. Plaintiff's response to this order is due no later than **August 30, 2012** and shall be limited to **six pages**. Plaintiff may also respond to this order by filing an amended complaint that specifically alleges the citizenship of each member of CardWorks Processing, LLC.

1  If Plaintiff fails to respond to this order to show cause within the time prescribed, the
2  Court will dismiss this action without prejudice.
3  (4) The Court is aware that there is currently a motion to compel arbitration pending.
4  The Court will STAY further action on that motion until clarification of the issue of
5  subject matter jurisdiction is resolved.

7  The clerk is ordered to provide copies of this order to all counsel.
8  Dated this <u>22nd</u> day of August, 2012.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR LACK OF SUBJECT
MATTER JURISDICTION- 3