UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARDWORKS PROCESSING, LLC, | CASE NO. C12-557 MJP |
| Plaintiff, | ORDER ON MOTION FOR SUMMARY JUDGMENT |
| v. | |
| PINNACLE PROCESSING GROUP, INC., | |
| Defendant. | |

The Court, having received and reviewed:

1. Plaintiff's Motion for Summary Judgment (Dkt. No. 37)

2. Defendant's Response to Plaintiff's Motion for Summary Judgment and Motion for Reconsideration (Dkt. No. 43)

3. Reply in Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 47)

and all attached declarations and exhibits, makes the following ruling:

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 1

IT IS ORDERED that Plaintiff's motion for summary judgment is GRANTED; Plaintiff is ordered, pursuant to FRCP 54(b), to submit its proposed judgment within 14 days of the filing of this order.

IT IS FURTHER ORDERED that Plaintiff will file its motion for attorneys' fees and costs no later than March 28; the motion will be briefed in accordance with the schedule set out in this order.

IT IS FURTHER ORDERED that Defendant's motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that the trial date of May 20, 2013 is STRICKEN; the trial date will not be re-set until Defendant complies with this Court's order to participate in arbitration in conformity with the contract it entered into with Plaintiff.

**Background**

Defendant entered into a debit/credit card processing agreement with Plaintiff CardWorks Processing (CWP)'s predecessor in interest (CardSystems) in January 2003. The Processing Agreement, signed by Defendant's president Michael Yerkovich, set forth the fees payable for Plaintiff's processing services (s*ee* Dkt. No. 26, Ex. 1; hereinafter "Contract"), and this lawsuit concerns Defendant's alleged failure to pay for those services. Dkt. No. 1. In response to Plaintiff's complaint, Defendant asserted counterclaims alleging that Plaintiff breached the Processing Agreement. Dkt. No. 14.

Among its provisions, the contract includes an arbitration agreement requiring the parties to submit all claims (with certain exceptions not at issue here) to arbitration in Fairfax County, Virginia under the laws of that state. Costs and attorney's fees are to be borne by the losing party. Contract, ¶ 11.6.

The contract also contains a clause which exempts Plaintiff from liability for any claim unless the customer "provides written notice to CardSystems [*Plaintiff's predecessor-in-interest*] of the occurrence that gave rise to the alleged liability within thirty (30) days of the date Customer knew or should have known of the occurrence." Contract, ¶ 8.5. Defendant does not dispute Plaintiff's claim that Plaintiff was not apprised of Defendant's claims within the 30-day notice period.

In 2012, Plaintiff filed a motion to compel Defendant to arbitrate its counterclaims in conformance with the arbitration provision of their contract or, in the alternative, to dismiss Defendant's counterclaims for failure to satisfy the 30-day notice requirement. On September 25, 2012, this Court granted the motion to compel arbitration; because the ruling mooted Plaintiff's alternative request, the order did not reach the issue of whether the 30-day notice provision was enforceable. Dkt. No. 34.

The briefing of the parties in this motion has revealed that the arbitration ordered by this Court never occurred. Motion, p. 4; Response, p.2.

**Discussion**

Summary Judgment

Defendant makes absolutely no response to the substance of Plaintiff's summary judgment motion – that Plaintiff rendered services to Defendant from August 2011 to January 2012 for which it was not paid, in violation of their contractual agreement. In accordance with LR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Plaintiff is entitled to summary judgment on its breach of contract claim.

Attorneys' fees and costs

Plaintiff has sought leave of the Court to present evidence of costs and attorneys' fees it has incurred in the collection of the amount owing to it from Defendant in accordance with the Processing Agreement, which provides that Defendant is liable for "expenses and collections of [Plaintiff's] fees including its reasonable attorneys' fees and court costs." Contract, ¶ 4.2.

Plaintiff is granted leave to file a motion for its attorneys' fees and costs. That motion (not to exceed 12 pages) must be filed by March 28, 2013 and will be noted for April 12, 2013. Defendant's response (also not to exceed 12 pages) will be due by April 9; Plaintiff's reply (not to exceed 6 pages) will be due on the noting date.

Reconsideration

The Court has already rejected a separately filed motion for reconsideration as untimely. Dkt. No. 48. Defendant provides no supportable argument as to why its "responsive pleading" should not be treated in an identical fashion. Even if its purported "new case authority" was meritorious and on point, it is not entitled to revive an issue that was decided nearly six months ago. Local Rule 7(h) enunciates a bright-line time period for the filings of motions for reconsiderations – 14 days from the date of the order. The Court agrees with Plaintiff:

> [T]he issuance of a new opinion well after the 14-day time period is not sufficient reason to permit an untimely motion. After all, courts issue new opinions all the time. At some point, court decisions and orders must final, and the courts have determined, through Local Rule 7(h), that that time is 14 days from the date of the order.

Reply, pp. 2-3.

Defendant further undermines its position by filing this request in a document which is completely nonresponsive to the motion pending before the Court. Defendant provides no case authority supporting its right to bring this issue before the court in this fashion.

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 4

      Additionally, the Court is compelled to observe that it does not find Defendant's "new authority" either substantively persuasive or procedurally valid.  The case (Gandee v. LDL Freedom Enterprises, ___ Wn.2d ___, 293 P.3d 1197 (Feb. 7, 2013) does not enunciate any new law or standards in the area of substantive unconscionability.  The Gandee court used the same standard that this Court used in determining whether a contract is unconscionable: whether it is "one-sided or overly harsh, shocking to the conscience, monstrously harsh or exceedingly calloused."  Id. at 1199 (*citing* Adler v. Fred Lind Manor, 153 Wn.2d 331, 344-45 (2004).  Gandee does not break new legal ground.

      Nor is Gandee factually applicable to the circumstances represented by the instant case.  Gandee was an impoverished plaintiff who filed a class action suit in Washington state court against a debt adjustment company, alleging that their contract was excessive and overly harsh.  In particular, she challenged an arbitration provision in the agreement which mandated that claims under the contract be arbitrated in Orange County, California within 30 days of the dispute.  The Washington Supreme Court invalidated the provision, citing a wealth of precedent that the prohibitive cost of arbitration may be a basis to challenge a mandatory arbitration clause.  293 P.3d at 1200.

      Plaintiff's attempt to stretch Gandee to cover its situation fails on several grounds.  First, the precedent which Gandee relies concerning prohibitive-cost challenges to mandatory arbitration clauses far predates the Gandee decision and this Court's ruling in the original motion to compel.  Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79 is a 2000 case; Adler was decided in 2004.  Motions for reconsideration are only viable when they present "legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  LR 7(h).

       Second, both <u>Gandee</u> and its predecessors require that the party seeking relief "<u>present evidence</u> showing that arbitration would impose prohibitive costs." 293 P.3d at 1200 (emphasis supplied). In its response to Plaintiff's original motion to compel arbitration, Defendant (although it alleged that it was not in financial condition to arbitrate in Virginia; *see* Dkt. No. 26, Response at p. 11 and Dkt. No. 27, Banchero Declaration I at ¶ 16) presented no evidence that this was the case. It was not until it chose to respond to Plaintiff's summary judgment with a renewed motion for reconsideration that Defendant presented this Court with facts and figures supporting its claim of financial distress. There has been no showing as to why Defendant could not have made this showing in its original reply, and the Court can conceive of no good reason why it failed to do so.

       Third, <u>Gandee</u> is simply factually inapposite to the case before this Court. Defendant is not an impoverished debtor doing battle with a corporate debt adjustment entity. The Court understands that it contends that it has fallen on financial hard times, but must wonder how the company intended to litigate its counterclaims in this Court (hardly an inexpensive proposition) if it was so financially destitute? A deciding factor in the <u>Gandee</u> decision was that, in the face of Plaintiff's minimal individual claim, the costs of arbitration would have exceeded her potential recovery. Defendant here claims damages in excess of $75,000 (*see* Dkt. No. 24, Amended Answer,¶ 2.12) and arbitration costs of $42,000. Dkt. No. 44, Banchero Decl. II, ¶14. The differences are further exacerbated by the fact that the arbitration clause at issue here provides that the prevailing party will be reimbursed for its attorneys' fees and costs, a factor which played no part in the <u>Gandee</u> decision.

       Finally, it cannot be said that the contractual provision at issue in <u>Gandee</u> is identical or even analogous to the provision which Defendant seeks to invalidate. The provision which was

       Second, both <u>Gandee</u> and its predecessors require that the party seeking relief "<u>present evidence</u> showing that arbitration would impose prohibitive costs." 293 P.3d at 1200 (emphasis supplied). In its response to Plaintiff's original motion to compel arbitration, Defendant (although it alleged that it was not in financial condition to arbitrate in Virginia; *see* Dkt. No. 26, Response at p. 11 and Dkt. No. 27, Banchero Declaration I at ¶ 16) presented no evidence that this was the case. It was not until it chose to respond to Plaintiff's summary judgment with a renewed motion for reconsideration that Defendant presented this Court with facts and figures supporting its claim of financial distress. There has been no showing as to why Defendant could not have made this showing in its original reply, and the Court can conceive of no good reason why it failed to do so.

       Third, <u>Gandee</u> is simply factually inapposite to the case before this Court. Defendant is not an impoverished debtor doing battle with a corporate debt adjustment entity. The Court understands that it contends that it has fallen on financial hard times, but must wonder how the company intended to litigate its counterclaims in this Court (hardly an inexpensive proposition) if it was so financially destitute? A deciding factor in the <u>Gandee</u> decision was that, in the face of Plaintiff's minimal individual claim, the costs of arbitration would have exceeded her potential recovery. Defendant here claims damages in excess of $75,000 (*see* Dkt. No. 24, Amended Answer,¶ 2.12) and arbitration costs of $42,000. Dkt. No. 44, Banchero Decl. II, ¶14. The differences are further exacerbated by the fact that the arbitration clause at issue here provides that the prevailing party will be reimbursed for its attorneys' fees and costs, a factor which played no part in the <u>Gandee</u> decision.

       Finally, it cannot be said that the contractual provision at issue in <u>Gandee</u> is identical or even analogous to the provision which Defendant seeks to invalidate. The provision which was

challenged in Gandee was a requirement that an aggrieved debtor submit any claims under the agreement to (1) arbitration, (2) in accordance with the rules of the American Arbitration Association, (3) within 30 days from the dispute date, and (4) in Orange County, California. 293 P.3d at 1199. This is a far cry from the disputed provision in this case, which simply requires that Plaintiff be notified of any claims against it within 30 days of their occurrence. Contract, ¶ 8.5. It is not difficult to see how the Gandee contract could be construed as "one-sided or overly harsh, shocking to the conscience, monstrously harsh or exceedingly calloused;" the provision at issue here does not strike this Court as similarly harsh.

Defendant's renewed motion for reconsideration is neither procedurally nor substantively sound. The Court DENIES the motion.

**Conclusion**

The Court's award of summary judgment to Plaintiff on its breach of contract claim resolves that portion of case. The Court finds, in accordance with FRCP 54(b), that there is no just reason for delay, and on that basis Plaintiff is ordered to submit its proposed judgment within 14 days of the date of this order.

Defendant's counterclaims remain outstanding. There is a trial date of May 20, 2013 currently set in this matter, but the Court is striking that trial date. The trial date will not be re-set until Defendant provides proof that it has complied with the Court's previous order compelling it to arbitrate its claims against Plaintiff in compliance with its contractual agreement.

The clerk is ordered to provide copies of this order to all counsel.

Dated: March 19, 2013.

Marsha J. Pechman
United States District Judge